**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**KEVIN GEDEON,**

        **Petitioner,**

**v.**                                     **Civil Action No. 3:11-CV-69**
                                       **Criminal Action No. 3:09-CR-30-2**
                                       **(Judge Bailey)**

**UNITED STATES OF AMERICA,**

        **Respondent.**

### REPORT AND RECOMMENDATION THAT ALL CLAIMS EXCEPT CLAIM CONCERNING WRIT OF CERTIORARI BE DENIED AND ORDER SETTING EVIDENTIARY HEARING AND ARGUMENT ONWRIT OF CERTIORARI CLAIM

On August 19, 2011, the *pro se* petitioner, Kevin Gedeon ("Petitioner") initiated this habeas corpus action pursuant to 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. On August 19, 2011, the Government filed its Response. On November 3, 2011, Petitioner filed a Reply to the Government's Response. Because in his Response, Petitioner made new allegations of witness tampering and intimidation by the prosecution, on January 5, 2012, this Court ordered the Government to file a supplemental response addressing those issues, which it did on January 25, 2012.

### II. FACTS

**B.**     **Conviction and Sentence**

On March 18, 2009, Petitioner was indicted on two counts for distribution and aiding and abetting in the distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C) and 18 U.S.C. § 2.

On July 8, 2009, Petitioner pleaded guilty to both counts in the indictment. On September

29, 2009, Defendant was sentenced to a term of incarceration of 189 months, three years of supervised release on each count to run concurrently, and a special assessment fee of $200.

**B.** **Appeal**

On September 29, 2009, Petitioner filed a Notice of Appeal, arguing that the district court erroneously failed to articulate the standard of proof it used to determine relevant conduct and that its finding as to relevant conduct was erroneous. On July 6, 2010, the Fourth Circuit Court of Appeals affirmed the District Court's conviction and sentence in a *per curiam* opinion.

**C.** **Federal Habeas Corpus**

Petitioner claims he received ineffective assistance of counsel:

(1) During and leading up to his guilty plea for:

    a.    Failure to investigate his case, and, more specifically, failure to investigate possible witness tampering and intimidation by the Government

    b.    Failure to give objectively reasonable advice concerning his plea.

(2) At sentencing for:

    a.    Failure to object to the district court's lack of articulated standard of proof;

    b.    Failure to challenge the two-point obstruction of justice enhancement;

    c.    Failure to challenge the relevant conduct determination and

    d.    Failure to challenge the Government's denial of acceptance of responsibility credit.

(3) At the appellate level, through his appellate counsel, for:

    a.    Failure to raise meritorious issues on appeal;

  b. Failure to file a reply brief and

  c. Declining to assist him in filing a petition for writ of certiorari to the United States Supreme Court.

Petitioner also argues that he should be granted an evidentiary hearing on these issues.

The Government contends these arguments lack substantive merit because Petitioner has not shown that his counsel's conduct was deficient and because he has not show that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. The Government also contends, in its supplemental response, that there is no evidence of witness tampering, and that Petitioner's assertions to the contrary should be discredited.

**D. Recommendation**

Based upon a review of the record, the undersigned recommends that Petitioner's § 2255 Motion be denied except for one claim relating to ineffective assistance of appellate counsel for failing to file a writ of certiorari, and that and that the case should remain on the docket until the Court holds an evidentiary hearing on this claim raised by Petitioner.

### III. ANALYSIS

**A. Petitioner's Burden of Proof**

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255

requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States, No. 2:02CR65, 2006 WL 36859, at *2 (E.D.Va. Jan. 4, 2006).

**B.     Procedural Default**

The Court finds petitioner is not procedurally barred from raising claims of ineffective assistance of counsel in his present § 2255 motion. It is well settled that issues previously rejected on direct appeal may not be raised in a collateral attack. Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976). Constitutional errors that were capable of being raised on direct appeal but were not may be raised in a § 2255 motion so long as the petitioner demonstrates 1) "cause" that excuses his procedural default, and 2) "actual prejudice" resulting from the alleged error. United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994). Claims of ineffective assistance of counsel not raised on direct appeal and raised on collateral attack do not require a "cause and prejudice" showing because these claims are more appropriately raised on collateral attack than on direct appeal. See United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096 (2000); White v. United States, No. 5:03CV02084, 2006 U.S. Dist. LEXIS 45122, at *7-8 (S.D. W.Va. June 20, 2006).

**C.     Ineffective Assistance of Counsel**

Claims of ineffective assistance of counsel are measured under a two-part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984). First, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's

conduct." Id. at 689-90. Second, the petitioner must demonstrate he was prejudiced by counsel's performance. In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. Fields v. Attorney Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir.), cert. denied, 506 U.S. 885 (1992).

**Claim 1: Ineffective Assistance of Counsel During and Leading Up to Guilty Plea**

    **A.    Failure to Investigate**

Petitioner's first contention is that he received ineffective assistance of counsel because his attorney failed to properly investigate his case. More specifically, Petitioner claims his counsel failed to conduct an adequate investigation into potential defenses and evidence, and that his attorney did not seek out audio or video recordings of the pre-trial statements made by the prosecution's witnesses.

With regard to claims of ineffective assistance of counsel for failure to investigate, the Supreme Court has held that even where counsel could have made a more thorough investigation, in considering claims of ineffective assistance of counsel, "[it] address[es] not what is prudent or appropriate, but only what is constitutionally compelled." Burger v. Kemp, 483 U.S. 776, 794 (1987)(quoting United States v. Cronic, 466 U.S. 648, 665 n. 38 (1984)). Further, in order to be successful, a petitioner must explain what additional evidence would have been obtained from the additional interviews or meetings. See Bassette v. Thompson, 915 F.2d 932, 940-41 (4th Cir. 1990). Defense counsel has a duty to conduct a pretrial investigation that is

5

"reasonable [ ] under prevailing professional norms." Strickland, 466 U.S. at 688. A decision not to investigate "must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Id. at 691; See also Byram v. Ozmint, 339 F.3d 203, 209 (4th Cir. 2003). Counsel's performance is to be evaluated "from counsel's perspective at the time of the alleged error and in light of all the circumstances and the standard of review is highly deferential." Kimmelman v. Morrison, 477 U.S. 365, 381 (1986).

In this case, Petitioner argues that counsel failed to conduct an adequate investigation into potential defenses and evidence, and that he told him not to worry about witnesses or testimony. He also argues that his attorney did not seek out audio or video recordings of the pre-trial statements made by the prosecution's witnesses. Here, Petitioner claims that if his attorney had properly investigated his case, he would have discovered that the Government's witnesses had been coerced into giving false testimony about purchasing drugs from Petitioner. In support of this contention, he has attached an affidavit signed by Cordice Clark stating that he gave false testimony under pressure from the prosecution. However, the district court recognized that many of the Government's witnesses changed their testimony at trial to minimize the amount of drugs they purchased from Petitioner as compared to the original amount of drugs they stated they had purchased from Petitioner during their Task Force debriefings. The district court, recognizing that the credibility of certain witnesses had been called into question, reduced the relevant conduct from the 314 grams found by Probation and the 292.75 grams argued by the Government to just 147 grams, thereby discounting the testimony of Government witnesses Bell, Spaur, Plowden, Clark and Dokes. This figure came from the seven grams Travis Barrett reportedly purchased and the 140 grams Matthew Mason reportedly purchased, as Corporal Bean

testified to, for a high end total of 147 grams. With regard to the testimony of Matthew Mason and Travis Barrett, Petitioner has failed to identify what physical or testimonial evidence his attorney could have uncovered related to these witnesses, or what the audio or video recordings would show, which he believes gave rise to a duty to further investigate. See Bassette v. Thompson, 915 F.2d 932, 940-41 (4th Cir. 1990) (holding that a petitioner must explain what additional evidence would have been obtained from the additional interviews or meetings); Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992)("a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."). Accordingly, Petitioner's claims should be dismissed because they lack merit.

**B.  Failure to Give Objectively Reasonable Advice Concerning the Guilty Plea**

Next Petitioner argues that counsel's representation was deficient because he advised him to enter a guilty plea without the benefit of a plea agreement. The Government contends that the Government offered a plea bargain to Petitioner, but that he rejected the proposed deal because he thought the relevant conduct stipulation was too high.

In the Fourth Circuit, a defendant's counsel has clearly delineated duties surrounding pleas. Counsel must "1) notify the client of a plea offer; 2) advise the client of the option to proceed to trial; 3) present the client with the probable outcomes of both the guilty and sentencing phases of each alternative; and 4) permit the client to make the ultimate decision." Jones v. United States, No. DKC 2004-3136, 2008 U.S. Dist. LEXIS 24908, at *7 (D. Md. Mar. 28, 2008) (relying on Jones v. Murray, 947 F.2d 1106, 1110-11 (4th Cir. 1991)). Once it is clear what the respective sentence exposure is if the defendant stands trial versus if he accepts a plea

offer, the defendant must use this information to make a decision whether to go to trial or plead guilty. Hammond v. United States, 528 F.2d 15 (4th Cir. 1975). Therefore, "an incompetently counseled decision to go to trial, a failure to inform a defendant of a plea offer, or a failure to pursue plea negotiations suggested by the circumstances of the case, all can result in a denial of an individual's Sixth Amendment right to effective assistance of counsel." Jackson v. United States, No. 7:07cv00191, 2007 WL 4553607, at *6 (W.D. Va. Dec. 20, 2007).

In this case, however, the Court finds Petitioner's claim is without merit. The record reflects that Petitioner's counsel made efforts to pursue plea negotiations, and he was successful in obtaining a proposed plea agreement. However, Defendant chose to reject the offer because he thought the stipulated conduct was too high. With the plea agreement off the table and the trial date approaching, considering the nature of the evidence available to the Government, Petitioner's attorney's advice that he plead guilty rather than go to trial did not fall below an objective standard of reasonableness. Counsel's advice to Petitioner that by cooperating and pleading guilty, he could receive a less severe sentence than if he chose to go to trial, was not outside the range of objectively reasonable advice. Therefore, this claim is also without merit and should be dismissed.

**Claim 2: Ineffective Assistance of Counsel at Sentencing**

    **A.    Failure to Object to the District Court's Lack of Articulated Standard of Proof**

Next, Petitioner argues that his counsel was ineffective because he failed to object when the sentencing court did not articulate the standard of proof it used to make the relevant conduct determination. Petitioner raised an iteration of this same argument before the Fourth Circuit, and, in response, the Fourth Circuit noted in its opinion that "sentencing courts...make factual

8

findings concerning relevant conduct [ ] by a preponderance of the evidence." United States v. Perry, 560 F.3d 246, 258 (4th Cir. 2009), and it used this preponderance of evidence standard in coming to its conclusion regarding the total number of grams of cocaine base attributable to Petitioner. Furthermore, under the Strickland test, Petitioner has to show that prejudice resulted from his counsel's decision not to challenge the alleged unarticulated standard of proof. Here, Petitioner cannot prove prejudice because, given the evidence in the record, he cannot prove that but for counsel's failure to challenge the lack of articulated standard of proof, he would not have been attributed the same amount of relevant conduct. But here, as the Fourth Circuit also noted,

> "[i]vestigator Bean's testimony supports a finding of far more than 147 grams of cocaine base. According to Bean, Travis Barrett and Matthew Mason reported to authorities that they had purchased over 136 grams of the drug from Gedeon. Bean also testified that Chad Spaur, John Plowden, and Cordice Clark informed investigators that they had purchased quanitities of crack from Gedeon that would put the total weight well above 147 grams."

Accordingly, Petitioner has failed to show that his attorney's failure to object prejudiced him.

### B. Failure to Challenge Two-Point Obstruction of Justice Increase

Petitioner next argues that his counsel was ineffective for failing to challenge the two-point obstruction of justice sentence enhancement. First, under the Strickland test, Petitioner must show that prejudice resulted from his counsel's decision not to challenge the obstruction enhancement at sentencing. However, Petitioner cannot make such a showing in this case because the enhancement was properly applied by the district court. The Sentencing Guidelines expressly authorize the Court to increase the offense level by two "[i]f the Defendant willfully obstructed or impeded or attempted to obstruct or impeded, the administration of justice during the...prosecution or sentencing of the instant offense." U.S.S.G. § 3C1.1. Here, at the sentencing hearing, a witness admitted that he had been contacted by Petitioner. Sent. Tr. 54-62. In addition,

9

another witnesses testified that she was present and had observed the contact that was made between Petitioner and the witness. Sent. Tr. 92-96. With this, Judge Bailey enhanced the offense level by two levels, stating that it was "based in part upon the defendant's testimony, which I find not to be truthful, as well as his contacting a witness and implying a threat to that witness. The standard bond conditions in this district prohibit a defendant from contacting– even just contacting a potential witness in the case. And I find his activities result, together with the testimony, in obstruction of justice." Therefore, Petitioner would have to show that but for counsel's alleged error, he would not have received the two-point enhancement. However, Petitioner is unable to meet this burden because, looking at the record as a whole, there is ample evidence that Petitioner did in fact obstruct justice, as outlined above. It was not but for counsel's errors that Petitioner received the two-point increase; it rather can be said that but for Petitioner's own actions he would not have received the two-point increase, and therefore, Petitioner has failed to meet his burden with respect to this claim.

## C. Failure to Challenge Relevant Conduct Calculation

Next, Petitioner contends his attorney's conduct was deficient because he failed to object to the relevant conduct calculation. However, Petitioner has failed to demonstrate that his attorney acted in a way that is objectively unreasonable. First, after the Probation Officer prepared the Presentence Report and concluded that the relevant conduct was 314.712 grams of crack cocaine, Petitioner's counsel objected to the finding and argued that the relevant conduct should be limited to between 28 and 35 grams. Then, Defendant himself offered testimony at the sentencing hearing that the relevant conduct figure proposed was not credible because the most crack he had ever sold was 35 grams. He also testified that the witnesses who provided testimony to the contrary were not telling the truth. Defendant's counsel then subjected the

10

Government's witnesses to Petitioner's relevant conduct to extensive cross-examination. At the conclusion of this testimony, the Court then weighed all the evidence presented and rejected Defendant's claim that he was only responsible for 35 grams. The Court decided instead that the total amount of relevant conduct was 147 grams. Given this factual record, the undersigned finds Petitioner's counsel did not engage in unreasonable attorney behavior, first because he did make an effort to argue against the amount of relevant conduct attributed to Petitioner, and second, because even though he did not object to the Court's ultimate determination, this was the proper exercise of professional judgment because it would have been a frivolous argument. Petitioner has pointed to no evidence or argument that his attorney could have used that would have had a reasonable probability of convincing the Court to discredit the statements upon which the Court based its relevant conduct finding. Because he cannot specify what evidence or argument his counsel should have but did not present, he cannot prevail in this part of his § 2255 motion. Accordingly, Petitioner's claim must fail.

**D.     Failure to Challenge the Government's Denial of Acceptance of Responsibility Credit**

Petitioner next claims his counsel was ineffective for failing to object to the Government's denial of acceptance of responsibility credit pursuant to section 3E1.1 of the United States Sentencing Guidelines.

The Court finds Petitioner's claim is without merit. While Petitioner's counsel did not object to the Government's decision not to move for a two-credit reduction, there is no evidence that this omission made counsel's conduct fall below an objective level of reasonableness. As set forth in section 3E1.1, a defendant may, upon motion of the Government, receive a two level reduction "if the defendant clearly demonstrates acceptance of responsibility for his offense."

The reduction, however, is "not intended to apply to a defendant who puts the government to its burden of proof," and "a defendant who falsely denies, or frivolously contests relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." U.S.S.G. § 3E1.1, Application Note 1(a). In this case, Petitioner stated at his sentencing hearing that he had not sold more than 35 grams of crack cocaine, thereby denying around 115 grams of relevant conduct that the Court ultimately attributed to him, and he also stated that all the Government witnesses who testified otherwise were lying. Therefore, Petitioner had not met the criteria under the United States Sentencing Guidelines because he had not "clearly demonstrat[ed] acceptance of responsibility for his offense." Given this factual record, it was not unreasonable for his attorney not to object to the Government's failure to move for a reduction based on acceptance of responsibility, and Petitioner's claim should be denied because it lacks merit.

**Claim 3: Ineffective Assistance of Appellate Counsel**

    **A. Failure to Raise Meritorious Issues**

Petitioner next argues that he received the ineffective assistance of appellate counsel because his attorney did not raise certain issues on direct appeal. The government contends that this claim lacks merit because Petitioner does not state which issues counsel failed to raise on direct appeal or how this caused him prejudice.

The standard of effective assistance of appellate counsel is the same as for trial counsel. See Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) ("In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness in light of the prevailing norms, and (2) that there is a reasonable probability that,

but for counsel's unprofessional errors, the result of the proceeding would have been different.") (internal citations and quotations omitted). On review, however, appellate counsel is accorded the "presumption that he decided which issues were most likely to afford relief on appeal." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993). Moreover, "[c]ounsel is not obligated to assert all nonfrivilous issues on appeal. Bell v. Jarvis, 236 F.3d at 164. Instead, "[t]here can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review." Jones v. Barnes, 463 U.S. 745, 752 (1983); see also Smith v. South Carolina, 882 F.2d 895, 899 (4th Cir. 1989). "Indeed, winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the landmark of effective advocacy." Bell v. Jarvis, 236 F.3d at 164 (quoting Smith v. Murray, 477 U.S. 527, 536 (1986)) (internal quotations omitted). However, although it is "still possible to bring a Strickland claim based on counsel's failure to raise a particular claim" on direct appeal, demonstrating that counsel was incompetent for failing to do so will be difficult. Smith v. Robbins, 528 U.S. 259, 288 (2000). "Generally only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986).

Here, Petitioner merely asserts that appellate counsel failed to brief and argue issues on appeal. However, Petitioner fails to provide any evidence or support for this position, let alone rebut the presumption that counsel merely winnowed out the weaker arguments on appeal. Petitioner has also failed to provide evidence as to what prejudice failure to make such arguments has caused him. Thus, Petitioner has not shown that counsel was ineffective for failing to raise certain issues on appeal. Accordingly, this ground should be denied.

13

### B. Failure to File a Reply Brief

Next, Petitioner claims his appellate counsel was ineffective because he refused to file a reply brief after the Government filed its response. To the extent Petitioner argues that due to counsel's failure to file a reply brief he was precluded from raising certain claims on appeal, his claim is without merit. As a general rule, appellants cannot raise an issue for the first time in their appellant briefs. Thompson v. Commissioner, 613 F.2d 642, 649 (9th Cir. 1980), cert. denied, 452 U.S. 961 (1981). Thus, failure to file a reply brief does not constitute ineffective assistance of appellate counsel. Likewise, Petitioner has failed to demonstrate he suffered any prejudice as a result of appellate counsel's failure to file a reply brief, wherein the Fourth Circuit considered his claim, analyzed the issues in its opinion, and notwithstanding concluded that the district court's decision and sentence should stand. Under these circumstances, no deficient performance or prejudice has been established under Strickland and Petitioner is therefore entitled to no relief on this claim.

### C. Failure to File a Writ of Certiorari on Petitioner's Behalf

Finally, Petitioner claims he received ineffective assistance of counsel in that his attorney failed to file a writ of certiorari to the United States Supreme Court on his behalf. Although a defendant generally has no right to the assistance of counsel to seek a petition for writ of certiorari in the Supreme Court, where specific court rules state the duties of an appellate attorney with regard to writs of certiorari, failure to comply with these rules can be the basis for a claim under Strickland that counsel was ineffective. United States v.Harris, No. 2:09-CR-2, 2012 WL 32934, at *8 (W.D.Va. Jan. 6, 2012). See also United States v. King, 11 Fed. App'x. 219, 220-21 (4th Cir. 2001); Plan of the United States Court of Appeals for the Fourth Circuit in Implementation of the Criminal Justice Act of 1964, Part V, § 2 ("CJA Plan")(October 1, 2008).

The Fourth Circuit's CJA Plan states that "[if] the judgment of this court is adverse to the defendant, counsel shall inform the defendant, in writing, of his right to petition the Supreme Court for a writ of certiorari." To make sure that counsel comply with this requirement, the Fourth Circuit sends out a Certiorari Status Form that is due back from counsel within the first thirty days after a decision adverse to a defendant. The form, which must be signed by counsel, is the vehicle through which an attorney certifies that he has advised defendant of the right to petition for certiorari. In this case, although Petitioner's Fourth Circuit docket sheet indicates that on July 6, 2010, he and his counsel were sent a copy of this certiorari status form, there is no indication on the docket sheet that Petitioner's attorney returned the form to the Fourth Circuit certifying that he informed Petitioner of his right to file a writ of certiorari. Accordingly, this Court is unable to discern whether Petitioner was ever notified that his counsel would either have to proceed with preparing a certiorari petition if requested or that he would move to withdraw from representation if Petitioner requested such a writ to be filed and he deemed it to be frivolous.[1] Accordingly, this Court finds it necessary to grant an evidentiary hearing on the issue of whether defense counsel informed Petitioner of his right to petition for certiorari.

**Request for an Evidentiary Hearing**

The petitioner seeks an evidentiary hearing. 28 U.S.C. §2255 provides in pertinent part as follows:

> [u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

---

[1] Petitioner asserts that his counsel informed him he would not assist him with his petition for certiorari and that he was left to file his own. However, it does not appear that any such petition was filed.

15

See also United States v. Magini, 973 F.2d 261, 264 (4th Cir.1992)(stating that a federal court "must hold an evidentiary hearing when the petitioner alleges facts which, if true, would entitle [him] to relief"). But, if it is clear from the pleadings and the files and records that the movant is entitled to no relief, a hearing is not necessary. Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970). Here, for the reasons detailed in the above analysis, this Court is unable to conclusively establish that counsel's performance was not ineffective because it lacks information about whether Petitioner was informed of his right to petition for certiorari and either have his counsel's assistance, or have him request permission to withdraw and inform him of his responsibility to file the writ pro se. Therefore, this Court will grant an evidentiary hearing **solely on that issue**. As to all other issues raised by Petitioner, this Court concludes that Petitioner's motion and the Government's response conclusively establish that the petitioner is entitled to no relief and thus declines to grant an evidentiary hearing on any other issue.

An evidentiary hearing, solely on the issue of whether Petitioner was informed about his option to file a certiorari petition shall be held on Monday, May 21, 2012 at 1:30 p.m. in the United States Magistrate Judge Courtroom, Room 433, 4th Floor, U.S. Courthouse, Wheeling, West Virginia. Brendon Leary, Esq. is appointed to represent Petitioner solely on the issue of whether he was informed about his writ for certiorari.

**Petitioner shall appear by telephone from his place of incarceration**. Any other party, counsel or witness who resides or whose principal office is more than 40 miles from the Wheeling point of court may appear by telephone. Counsel for Petitioner shall set up the conference call. All persons appearing by telephone, including Petitioner, shall be on the conference call. The Court cannot conference separate calls.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Petitioner's §2255 motion be **DENIED** except as to the sole issue of whether counsel properly informed him about the writ of certiorari. The Court recommends that the case remain open until disposition of this final issue.

On or before **April 17, 2012**, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: March 29, 2012

*James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE